# United States District Court
# Central District of California

RUSTY RENDON,

      Plaintiff,

  v.

BRACKETRON INC., et al.,

      Defendants.

Case № 2:19-CV-08896-ODW (JEMx)

**ORDER GRANTING MOTION TO REMAND [8]**

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Rusty Rendon initiated this action against Defendant Bracketron, Inc. in the Superior Court for the State of California, County of Los Angeles. (*See* Notice of Removal ("Removal") ¶ 1, ECF No. 1.) Rendon asserts a single cause of action for violation of the California Unruh Civil Rights Act ("Unruh"), Cal. Civ. Code § 51 *et seq.* (Removal Ex. A ("Compl.") ¶¶ 21–28, ECF No. 1-1.) On October 16, 2019, Bracketron removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Bracketron argues that Rendon's Unruh claim raises a federal question because it is predicated on a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.* (Removal ¶¶ 3–4.)

Rendon moves to remand for lack of subject matter jurisdiction ("Motion"). (Mot. to Remand ("Mot."), ECF No. 8.) For the reasons discussed below, the Court **GRANTS** Rendon's Motion.[1]

## II. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A court resolves all ambiguity in favor of remand to state court. *Id.* The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## III. DISCUSSION

Rendon argues the Court must remand because his sole claim is a state-law claim for violation of Unruh that does not give rise to federal question jurisdiction. (Mot. 1.) Bracketron opposes remand and contends that Rendon's Unruh claim is premised "solely" on violation of the ADA, making federal law a necessary element of his claim. (*See* Opp'n to Mot. ("Opp'n") 1, ECF No. 11.)

Generally, a state law claim gives rise to a federal question only when a federal law is a necessary element of the state claim. *Wander v. Kaus*, 304 F.3d 856, 857–58

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

(9th Cir. 2002). However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

In the present context, Unruh may be violated in a number of ways, only one of which is an ADA violation. *See generally* Cal. Civ. Code § 51. In his Complaint, Rendon pleads alternate theories of liability, that Bracketron violated Unruh by (1) intentionally discriminatory conduct (Compl. ¶ 24) and (2) violation of the ADA (Compl. ¶ 25). Thus, the federal law theory is not a necessary element of the Unruh claim and federal question jurisdiction does not attach. *See Licea v. Reebok Int'l Ltd*, No. CV 19-00970 TJH (Ex), 2019 WL 4014431, at *1 (C.D. Cal. Aug. 23, 2019) (remanding because "the Unruh Act's incorporation of the ADA is insufficiently substantial to make the ADA a necessary element").

Bracketron argues the Court should not remand because Rendon will abandon his non-ADA theory of liability once firmly in state court and his non-ADA theory of liability is not actionable. (Opp'n 1, 7–8.) To begin, the Court evaluates removal jurisdiction based on a federal question from the complaint as it existed at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Rendon's Complaint clearly alleges alternate theories of liability under both state and federal law, as discussed above. The Court declines to speculate as to how Rendon may pursue his claim going forward. *See Martinez v. Greatcollections.com, LLC*, No. 8:19-CV-01647-JLS (KESx), 2019 WL 4742299, at *2 (C.D. Cal. Sept. 27, 2019) (declining to "speculate about developments that may alter the jurisdictional analysis down the road"). Similarly, the merits of Rendon's Unruh claim are not presently

before the Court; rather, the Court considers only whether Rendon's Complaint gives rise to federal question jurisdiction. It does not. As such, the Court must remand.

### IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Rendon's Motion to Remand. (ECF No. 8). The Court **REMANDS** this action to the Superior Court for the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012, Case No. 19STCV32338. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

January 7, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**